UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEAH SPELLMAN AND<br>ROBERT SPELLMAN | : | |
| v. | : | C.A. No. 06-436ML |
| TARGET CORPORATION, Alias,<br>ABC CORPORATION | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH**

The Plaintiff in the above referenced matter moves this Honorable Court to Quash Defendant's Subpoena commanding Woman & Infants Hospital to produce certified copies of the Plaintiff's medical records from forever and up to the present. In support of this, your Plaintiff represents that the subpoena is overly broad in scope and should be limited to no more than ten years. The Plaintiff seeks such Protective Order in accordance with R. I. Rules of Civ. Pro. 26 (c)(4).

In support of this, your Plaintiff states that certain matters within the above referenced medical records should not be inquired into and that the scope of discovery with respect to these records should be limited as to protect those medical records which are not pertinent to the Plaintiff's Complaint. In considering whether or not to grant a Motion to Quash Subpoena served upon opposing parties, the trial court weighs several factors: "Among the appropriate factors for consideration by the Trial Court are the following: whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence and (iii) to what extent the information sought is relevant, non-privileged and crucial to the moving party's case, *Pamida, Inc. vs. E.S. Originals, Inc.* 281 F.3d 726, 729-30 (8th Cir. 2002).

In *Corvese vs. Harris Seybold Company, et al*, 637 A.2d 779 (R.I. 1994), the Rhode Island Supreme Court stated that: "Rule 26(b)(1) permits examination of a deponent regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, including the existence and description of documents". In this case, your Plaintiff would argue that certain documents from Woman & Infants are not a subject matter which is relevant to the pending action and furthermore that the request is overly broad in scope and limited to ten years.

**CONCLUSION**

For the above referenced reasons, your Plaintiff moves this Honorable Court Quash certain aspects of those records being requested by subpoena on the basis that they are not relevant to the Complaint of the Plaintiff and are not crucial to the case at hand. This Court has wide discretion to review the subject matter requested by the subpoena in order to make a determination as to the issuance of Protective Orders for certain aspects of those medical records. Your Plaintiff requests this honorable Court to issue a Protective Order limiting the scope of a period not to exceed ten years.

Plaintiff,
By his Attorney,

/s/ Robert M. Brady

Robert M. Brady, Esq., #2070
One Grove Avenue
Providence, RI 02903
(401) 434-2800
(401) 434-2934
bob@bradylaw.necoxmail.com