UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LEAH SPELLMAN AND<br>ROBERT SPELLMAN | : | |
| v. | : | C.A. No. 06-436ML |
| TARGET CORPORATION, Alias,<br>ABC CORPORATION | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

On January 29, 2007, your Plaintiff did propound upon the Defendant a certain set of Interrogatories attached herein and labeled as Exhibit "A". In response to said Interrogatories, most specifically, in response to that Interrogatory noted as Number 2, the Defendant Answered by objecting to the Interrogatory to the extent that the Interrogatory sought information protected by the attorney work product privilege. Your Plaintiff respectfully and in accordance with R. I. Rules of Civ. Pro. 37 (a)(2) has moved this honorable court to compel the Defendant to provide a more responsive answer to the identified interrogatory as appropriately submitted under R.I. Rules of Civ. Pro 33.

In accordance with R.I. Rules of Civ. Pro, Rule 26(b) (2), the test to determine whether an item is "work product" is whether, in light of the nature of the document or tangible material and facts of the case, documents can said to have been prepared or obtained because of prospect of litigation by or for adverse party or its agents. Your Plaintiff's Interrogatory specifically identified in that set of Interrogatories attached asks for a statement as to whether the Defendant, it agents, servants or employees are aware of any photographs, videos, videotapes or any other recordings which depict the area and/or the incident which is the subject matter of the Plaintiff's

Complaint. Such video, photographs and/or films are tangible materials and are within the scope of Rule 26(b) (2) and as such is discoverable. *Cabral vs. Arruda,* 556 A2.d, 47, 49 (R.I. 1989).

The only circumstance where surveillance, video materials can be qualifiedly immune from discovery are those circumstances wherein a lawyer creates, or causes to have created the material solely for his/her own use. *Cabral vs. Arruda,* 556 A2.d, 47, 51 (R.I. 1989). In this instance, any such video, photographs, and/or surveillance tape produced by the Target Corporation in the normal and usual course of their business, and not for the sole purpose of litigation, should be discoverable.

WHEREFORE, your Plaintiff prays that this Court issue an Order compelling the Defendant, Target Corporation, to provide a more responsive answer to the Interrogatory in question.

Plaintiff,
By his Attorney,

/s/ Robert M. Brady

Robert M. Brady, Esq., #2070
One Grove Avenue
Providence, RI 02903
(401) 434-2800
(401) 434-2934
bob@bradylaw.necoxmail.com

CERTIFICATION

I hereby certify that on the 1st day of May, 2007, I sent a true and accurate copy of the within via e-mail, to the following: Mark T. Nugent, Esq., mnugent@morrisonmahoney.com

/s/ Robert M. Brady